# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LARRY E. EALY, | : | |
| Plaintiff, | : | Case No.  3:08CV205 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| JUDGE THOMAS HANNA, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

### I.    INTRODUCTION

Plaintiff Larry E. Ealy brings this case *pro se* under 42 U.S.C. §1983 claiming that the defendant violated his rights under the United States Constitution.  Ealy's Complaint names a single defendant, Judge Thomas Hanna.

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* ("IFP") under 28 U.S.C. §1915.  This case is presently before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief.  If the Complaint suffers from one or more of these deficiencies, it must be

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

dismissed under 28 U.S.C. §1915(e)(2)(B).

**II.    THE COMPLAINT**

Ealy claims that Judge Hanna of the Kettering, Ohio Municipal Court violated his rights under the Fifth and Fourteenth Amendments of the United States Constitution by "intentionally and recklessly failing to dismiss the warrant in case No. 200TRD6075." (Doc. #2 at 1).  Ealy alleges that Judge Hanna was placed on notice in May 2008 that he (Ealy) was traveling in Mississippi with his sister when she suffered a heart attack.  When Ealy returned to Dayton in June 2008 he realized that he had received a Notice from Judge Hanna "to pay or appear."  (Doc. #2 at 2).

Judge Hanna issued the Notice in a case during which Ealy had been previously found guilty of a minor traffic offense.  Ealy apparently had not paid the fine during the case because he was attempting to appeal the conviction.  Ealy alleges that when he attempted to file a Notice of Appeal, it was never forwarded to the Ohio Court of Appeals.  Ealy also unsuccessfully sought a stay until his case was briefed, "but it was never allowed to be forwarded for a second review in violation of the Plaintiff['s] due process rights under the 14[th] Amendment...."  (Doc. #2 at 2).

Ealy further alleges:

> The Plaintiff was racially profiled in that stop the City of Dayton and Sheriffs Department has deprived Ealy of his State Court Rights by generating a photo of him that is used to track him an[d] stop him on sight then the Plaintiff has to go before a Judge or magistrate with the same attitude problem towards blacks.

2

> The act behind the photo is to continue to deprive the Plaintiff [o]f his federal Civil Rights ever the time comes to be in a court of law.

*Id*.

Ealy also asserts that Judge Hanna violated his right to due process in two cases by sending seventeen police officers to his home to arrest him at gunpoint for failure to pay a traffic fine. He explains that he filed a case against Judge Hanna in Court of Common Pleas, which was improperly dismissed, and then pursued an appeal in the Ohio Court of Appeals. Judge Hanna, and later the Court of Appeals, dismissed Ealy's case by finding him to be a vexatious litigator. (Doc. #2 at 3).

Ealy alleges that Judge Hanna "has a clear cut hatred for Ealy...." as shown when he denied his son a continuance in violation of his due process rights. (Doc. #2 at 4). This occurred in a separate case against his son (Larry Ealy) captioned as confirmed by two Entries executed by Judge Hanna in a case filed in the Municipal Court of Kettering, Ohio, Traffic Division. Ealy explains that the continuance was needed because "the Ealys went out of town for Labor day [and] this trial Judge has a grudge against blacks and is in violation of the Plaintiffs [sic] State Court of Rights by holding this grudge and vendetta that calls for Federal and State intervention under ... [§] 1983...." *Id*. at 5. Ealy further explains that Judge Hanna not only improperly denied his son a continuance, Judge Hanna improperly declined to recuse himself even though an affidavit of disqualification for bias and prejudice had been timely filed. *Id*. at 4.

Ealy also maintains:

3

> The Plaintiff has in his possession a generated photograph of him as mentioned above stating that he is to be targeted sized [sic] searched, and stopped on sight this photo is in possession of the Dayton Police and Sheriffs Department and posted in the rouges galleries of the Montgomery County Judges Chambers....
>
> It is not clear what Judges are in possession of this photo but [it] is an act of racketeering and judicial misconduct.

(Doc. #2 at 5-6).  Ealy contends that the photo has been generated and used to harass him and to retaliate against him "since his assault in 1990 and now [Ealy] is demanding that the harassment come to an end." *Id*. at 6.

In addition to Judge Hanna's Entry, Ealy also attaches to his Complaint a document concerning his sister's heart attack and a copy of a Montgomery County Sheriff's Office Memorandum dated December 6, 2006.  The Memorandum describes Larry Ealy by date of birth, height and weight; contains a photograph of him; and instructs members of the Court Detail that if Mr. Ealy enters Montgomery County Court facilities they "will verify that he is here for official business and he is to be Escorted at all times while inside the Court Complex without exception."  (Doc. #2, Memorandum attached).

As a remedy, the Complaint seeks an Order requiring the Democratic Party of Montgomery County, Ohio to conduct a full investigation of Judge Hanna concerning the cases identified in the Complaint and to "investigate the purpose of the photo, and who generated it and who is in possession of it and the Plaintiff request that the U.S. District Court recall the warrant and order the case be reset before the court on its fines and status

as it was originally set by the court." (Doc. #2 at 7)
.
## III. DISCUSSION

By enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress authorized the federal courts to *sua sponte* dismiss an *in forma pauperis* Complaint if satisfied that the Complaint is frivolous or malicious.  *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §1915(e)(2)(B)(I).

Viewing an *in forma pauperis* Complaint through lens of §1915(e)(2)(B)(i), the Court asks whether the Complaint raises a claim with a rational or arguable basis in fact or law; if not, it is frivolous or malicious and subject to dismissal.  *See Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  A Complaint has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible."  *See Denton,* 504 U.S. at 32; *see also Lawler,* 898 F.2d at 1199.

Congress has also authorized the *sua sponte* dismissal of a Complaint that fails to

state a claim upon which relief may be granted. 28 U.S.C. §1915(e)(2)(B). The Court's preliminary review of Plaintiff's *pro se* Complaint assumes the truth of his allegations and construes them liberally in his favor. *See Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000); *see also Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

Ealy's Complaint does not raise delusional factual allegations against Defendant Hanna but instead sets forth understandable and rational allegations about certain events that have occurred in, or related to, the Ohio courts. Consequently, the Complaint may not be dismissed as lacking a rational or arguable basis in fact.

Ealy's Complaint, however, fails as a matter of federal law. "To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Marvin v. City of Taylor*, 509 F.3d 234, 243 (6th 2007); *see Markva v. Haveman*, 317 F.3d 547, 552 (6th Cir. 2003).

Accepting Ealy's allegations as true and construing them liberally in his favor, his claims fail as a matter of law because the doctrine of absolute judicial immunity bars his claims. "For centuries, the cloak of absolute judicial immunity has shielded judges from claims pertaining to actions they have taken in discharging their official duties." *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997). "The modern justification for the grant of immunity is to preserve the independence of the judiciary by allowing judges to rule without fear of recourse. Immunity protects 'judicial independence by insulating judges

from vexatious actions prosecuted by disgruntled litigants." *Barrett*, 130 F.3d at 254 (quoting, in part, *Forrester v. White*, 484 U.S. 219, 225 (1988)).

Absolute immunity is triggered when judges engage in "paradigmatic judicial acts, or acts of actual adjudication, *i.e.*, acts involved in resolving disputes between parties who have invoked the jurisdiction of the court." *Barrett*, 130 F.3d at 254.  Absolute immunity protects judges unless they engage in non-judicial acts or act in the clear absence of all jurisdiction.  *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985).  Absent either of these exceptions, absolute immunity applies even if judges "act erroneously, corruptly or in excess of jurisdiction." *Id.*

Ealy's bases his federal constitutional claims upon four matters involving judicial adjudication by Judge Hanna: (1) the decision in a pending state case that Ealy was a vexatious litigator; (2) decisions during one or more criminal cases involving charges of traffic offenses against Ealy; (3) the issuance of an arrest warrant; and (4) decisions during a case pending against Ealy's son.  Because Ealy has not alleged facts sufficient to show that Judge Hanna acted without jurisdiction in these matters, the doctrine of absolute immunity bars Ealy's federal constitutional claims.  *See Barrett*, 130 F.3d at 254-55; *see also King*, 766 F.2d at 965-66.

Although Ealy claims that police officers have engaged in racially profiling of him, he has not alleged facts sufficient to show that Judge Hanna committed an extra-judicial act or non-jurisdictional act that led to racially profiling or violated Ealy's federal constitutional rights.  *See Bassett v. National Collegiate Athletic Ass'n.*, 528 F.3d 426,

7

430 (6th Cir. 2008)("Factual allegations contained in a complaint must 'raise a right to relief above the speculative level.' ... *Twombly* does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.")(quoting in part *Bell Atl. Corp. v. Twombly*, __U.S.__ , 127 S.Ct. 1955 (2007)). Plaintiffs' Complaint therefore fails to state a claim against Judge Hanna.

Accordingly, for all the above reasons, Ealy's Complaint must be dismissed *sua sponte* under 28 U.S.C. §1915(d)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1.  Plaintiff Larry E. Ealy's Complaint (Doc. #2) be DISMISSED;

2.  The Court certify pursuant to 28 U.S.C. §1915(a) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and,

3.  The case be terminated on the docket of the Court.

July 16, 2008

                                              s/ Sharon L. Ovington
                                                   Sharon L. Ovington
                                         United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).